Case 4:24-cv-03924   Document 24   Filed on 07/02/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 02, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ILIYAS HAMEURLAINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-3924 |
| | § | |
| ANTOINE BUSINESS, INC., | § | |
| DANISH A. SIDDIQUI, AND | § | |
| ASAAD AKHLAQUE SIDDIQUI, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff Iliyas Hameurlaine's ("Plaintiff") Motion to Strike Defendants' General Denials ("Motion"). (ECF No. 20). Plaintiff is requesting the Court strike Defendant Antoine Business, Inc. ("Antoine Business), Danish A. Siddiqui ("D. Siddiqui"), and Asaad Akhlaque Siddiqui's ("A. Siddiqui") (collectively "Defendants") Answers (ECF Nos. 16–18), arguing they are impermissible general denials, in violation of the pleading requirements set forth in Federal Rule of Civil Procedure ("Rule") 8(b)(2). (ECF No. 20 at 2). As Defendants did not file a response, the "motion will be taken as representation of no opposition." S.D. TEX. LOC. R. 7.4.

---

[1] On March 31, 2025, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 19).

Based on a review of the Motion, arguments, and relevant law, the Court **RECOMMENDS**[2] Plaintiff's Motion to Strike Defendants' General Denials (ECF No. 20) be **GRANTED,** Defendants be ordered to file Answers in compliance with the Rules, and Antoine Business retain legal representation.

## I.   Background

On October 14, 2024, Plaintiff filed a Complaint against Defendants, alleging violations of the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 201, *et seq.*, and seeking unpaid straight-time and overtime wages, liquidated damages, attorney's fees, costs, and post-judgment interest. (ECF No. 1 at 1).  Summonses were issued and executed on all Defendants, as evidenced by the returns filed in the record.  (ECF Nos. 5, 7–8, 14).

On February 5, 2025, D. Siddiqui, appearing *pro se* and who has not represented himself to be an attorney, filed an Answer on behalf of Antoine Business.  (ECF Nos. 15–16).[3]  Antoine Business's Answer simply states "Defendant Antoine Business Inc. denies all claims and requests a jury trial." (ECF No. 16).  The same day, D. Siddiqui, appearing *pro se*, filed an Answer similarly stating, "Defendant Danish Siddiqui denies all claims and requests a

---

[2] "Because granting the plaintiff's Motion to Strike Answer would effectively be dispositive of the defenses asserted in the Defendant's Answer and Defenses, pursuant to Rule 72(b)(1), FED. R. CIV. P., a report and recommendation is required." *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. 15-cv-412, 2015 WL 13748541, at *1 n.1 (M.D. La. Dec. 3, 2015).

[3] Defendant Antoine Business's Answer in ECF No. 15 was docketed in error and re-filed as ECF No. 16.

jury trial." (ECF No. 17). Lastly, A. Siddiqui, appearing *pro se*, filed the same one-sentence Answer denying all claims and requesting a jury trial. (ECF No. 18).

Plaintiff moves to strike Defendants' respective Answers as they (1) constitute an impermissible general denial in violation of Rule 8(b)(2)'s pleading requirements; and (2) because Antoine Business cannot proceed *pro se* without being represented by a licensed attorney. (ECF No. 20 at 3). Defendants did not respond to Plaintiff's Motion and have not filed any motions of their own.

## II.   Legal Standard

General denials are prohibited in all but the most exceptional of cases. *F.M.D. Holdings, LLC v. Regent Fin. Corp.*, No. 5:20-cv-269, 2021 WL 5883136, at *7 (N.D. Tex. Dec. 10, 2021) (citing Wright & Miller § 1265; FED. R. CIV. P. 8(b)(3)). Rule 8(b) requires that a defendant's denial must "fairly respond to the substance of the allegation" by either (1) admitting or denying the allegations asserted against it by an opposing party, or (2) stating that it lacks knowledge or information sufficient to form a belief about the truth of an allegation. *SEC v. Kirchner*, No. 4:23-cv-0147, 2023 WL 5322433, at *1 (N.D. Tex. July 14, 2023) (quoting FED. R. CIV. P. 8(b)). "Rule 8 ensures that the plaintiff 'is aware of the allegations in the complaint that the defendant admits

and those that he contests, so the plaintiff knows what he will need to prove at trial.'" *Id.* (quoting *Wieck v. Synrg. Royce LLC*, No. 17-cv-599, 2018 WL 3611880, at *1 (W.D. Tex. Jan. 30, 2018)).

Moreover, while a *pro se* litigant's petitions and pleadings are liberally construed, basic procedural pleading obligations still apply. *F.M.D. Holdings, LLC*, 2021 WL 5883136, at *7. "'[P]ro se litigants must conform to the same rules that are no doubt more easily understood by lawyers.'" *Id.* (quoting *Propes v. Quarterman*, 573 F.3d 225, 231 (5th Cir. 2009)). "Assuming [defendants] intend to enter a general denial, the defendants' boilerplate assertion that they deny each and every claim is woefully insufficient under the Federal Rules, even for a pro se litigant." *Id.*

## III. Discussion

Plaintiff claims Defendants' general denial of Plaintiff's fifty-two separate allegations "falls well short of the pleading requirements set forth in Fed. R. Civ. P. 8(b)(2)." (ECF No. 20 at 2). The Court agrees with Plaintiff. Here, Defendants make a blanket assertion denying all claims. (ECF Nos. 16–18). Such denial "in no way places Plaintiff on notice of which allegations in the Complaint Defendant[s] admit[] or contest[]." *Kirchner*, 2023 WL 5322433, at *1. Likewise, Defendants' Answers give no indication of what Plaintiff will need to prove at trial. *Id.* (citing *Wieck*, 2018 WL 6311880, at *1). Further,

Defendants have not given any indication of their position as they have not attached any exhibits to their Answers, have not responded to Plaintiff's Motion, nor have they contested any issues, such as jurisdiction, raised in the Complaint. *Id.* As such, Defendants' general denials fail to satisfy Rule 8(b)'s pleading standard and should be stricken from the record.

Additionally, Plaintiff moves to strike Antoine Business's Answer because it is signed by D. Siddiqui, a *pro se* Defendant who does not represent himself to be an attorney. (ECF No. 20 at 3). Plaintiff is correct that, in federal court, a corporation is not permitted to proceed *pro se* or be represented by a non-attorney. *F.M.D. Holdings, LLC*, 2021 WL 5883136, at *1, *6 (citing *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'")). Such holds true even when the person seeking to represent the corporation is its president and major stockholder. *Id.* (citing *In re K.M.A.*, 652 F.2d 398, 399 (5th Cir. 1982)).

When faced with an unrepresented corporate defendant, a court may, in its discretion: (1) advise the corporation that it cannot proceed without counsel; (2) order the corporation to retain counsel by a certain deadline; (3) strike the corporation's defenses if it refuses to hire counsel; or (4) order default judgment if the corporation fails, after being warned, to retain counsel. *Id.* (citing *Memon*

*v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004); *Donovan*, 736 F.2d at 1005); *PalWeb Corp., Inc. v. Vimonta AG*, No. 3:00-cv-1388, 2003 WL 21992488, at *1 (N.D. Tex. Aug. 19, 2003) (additional citations omitted)).

As Antoine Business is a corporation without legal representation, and who cannot proceed *pro se*, the Court recommends its Answer (ECF Nos. 15–16) be stricken from the record and Antoine Business obtain legal counsel.

### IV.  Conclusion

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion (ECF No. 20) be **GRANTED** and Defendants' Answers (ECF Nos. 15–18) be **STRICKEN** from the Record.

**IT IS FURTHER RECOMMENDED** that Antoine Business obtain legal representation and that, if this Memorandum and Recommendation is adopted, Defendants file Answers which comply with the Rules within fourteen (14) days of the adoption.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on July 2, 2025.

_____
Richard W. Bennett
United States Magistrate Judge