United States District Court
Southern District of Texas
**ENTERED**
July 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ILIYAS HAMEURLAINE, § | CIVIL ACTION NO |
| Plaintiff, § | 4:24-cv-03924 |
| § | |
| vs. § | JUDGE CHARLES ESKRIDGE |
| § | |
| ANTOINE BUSINESS, § | |
| INC, *et al*, § | |
| Defendants. § | |

## ORDER ADOPTING
## MEMORANDUM AND RECOMMENDATION

Plaintiff Iliyas Hameurlaine brings this action against Defendants Antoine Business, Inc, Danish A. Siddiqui, and Asaad Akhlaque Siddiqui for various violations of the Fair Labor Standards Act. Dkt 1. He seeks unpaid straight-time and overtime wages, liquidated damages, attorney fees, costs, and post-judgment interest. Id at 1, 6–8. All three Defendants proceed here *pro se*.

Plaintiff initially sought a request for entry of default and, soon after, a motion to allow alternative method of service. Dkts 10 & 11. The motion to allow alternative method of service was granted. Dkt 13. Defendants then filed answers, simply stating that each Defendant "denies all claims and requests a jury trial." Dkts 16–18. Plaintiff moved to strike the answers as general denials that are impermissible under Rule 8(b)(2) of the Federal Rules of Civil Procedure. Dkt 20.

The matter was referred for disposition to Magistrate Judge Richard W. Bennett. Dkt 19. He issued a Memorandum and Recommendation, recommending that the motion to strike be granted and Defendants be given fourteen days to file answers in accord with Rule 8(b)(2).

Dkt 24. He also recommended that Antoine Business be required to retain legal representation, given that corporations cannot proceed *pro se*. Id at 2, 5.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

No objection was filed. No clear error appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 24.

The motion by Plaintiff Iliyas Hameurlaine to strike answers is GRANTED. Dkt 20.

The answers filed by Defendants Antoine Business, Inc, Danish A. Siddiqui, and Asaad Akhlaque Siddiqui are STRICKEN. Dkts 16–18.

Defendants Antoine Business, Inc, Danish A. Siddiqui, and Asaad Akhlaque Siddiqui are ORDERED to file an answer in accordance with Rule 8(b)(2) by August 4, 2025. Default will be entered against them for failure to do so.

Defendant Antoine Business, Inc, is further ORDERED to provide notice of representation of new counsel by August 4, 2025. It cannot proceed *pro se*. As such, it must secure substitute counsel or default will be entered against it. *Southwest Express Co Inc v Interstate Commerce Commission*, 667 F2d 456, 457 (5th Cir 1982).

So ordered.

Signed on July 21, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge